No. 23-2319

---

# In the United States Court of Appeals
# For the Third Circuit

---

CRAWL SPACE DOOR SYSTEM, INC.,
PLAINTIFF-APPELLANT,

v.

WHITE & WILLIAMS, LLP,
DEFENDANT-APPELLEE,

---

APPEAL FROM AN ORDER GRANTING APPELLEE'S
FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS
ENTERED IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

APPELLANT'S BRIEF

---

Duncan G. Byers
Byers Law
1769 Jamestown Road
Suite 120
Williamsburg, Va.  23185
Tel.:    757.317.2779
Fax:    757.231.3797
dbyers@dbyerslaw.com
*Attorney for Plaintiff-Appellant*

# **TABLE OF CONTENTS**

Statement of Subject Matter and Appellate Jurisdiction………..…………………1

Statement of the Issues Presented for Review…………………..…………………2

Statement of Related Cases and Proceedings………………..………………….....2

Statement of the Case……………………………………………..……………….3

Summary of the Argument…………………………………………..……………...5

Argument……………………………………………………………………….....6

    A. Standard of Review………………………………………………...….6

    B. Compulsory Counterclaim Inquiry……………………………………....6

    C. Under the Third Circuit's Analysis, the Claims Against White
       & Williams Were Dismissed in Error…………………………………7

       1. There are Few, and Minor, Factual Similarities Between the
          Collection Case and the Malpractice Case…………………………7

       2. The Malpractice Case Does not Consider the Same
          Factual Issues………………………………………………………8

       3. The Malpractice Claims are not Offshoots of the Same Basic
          Controversy Between the Parties…………………………………....11

Conclusion…………………………………………………………...………11

Combined Certifications…………………………………………………..…..12

# TABLE OF AUTHORITIES

*Gager v. Dell Fin. Servs.*, 727 F.3d 265, 268 (3d Cir. 2013)……………………6

*Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 634 (3d Cir.1961)……………………………………………………………………….7

*L. Offs. of Jerris Leonard, P.C. v. Mideast Sys., Ltd.*, 111 F.R.D. 359, 360-61 (D.D.C. 1986)…………………………………………………………….8

*M.R. v. Ridley School Dist.*, 744 F.3d 112, 121 (3d Cir. 2014)………………..7

*Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*, 292 F.3d 384, 389 (3d Cir.2002)………………………………………………7

*Xerox Corp. v. SCM Corp.*, 576 F.2d 1057, 1058 & n.1 (3d Cir. 1978)……*passim*

15 U.S.C. § 1 *et seq*……………………………………………………………4

15 U.S.C. § 1114……………………………………………………………….3

15 U.S.C. § 1125………………………………………………………………3

28 U.S.C. § 1291…………………………………………………………..…1

28 U.S.C. § 1332……………………………………………………………1

Fed. R. Civ. P. 12(b)(6)………………………………………………………...6

Fed. R. Civ. P. 13(a)…………………………………………………………6

## STATEMENT OF SUBJECT MATTER AND APPELLATE

## JURISDICTION

The District Court had subject matter jurisdiction over this case pursuant
to 28 U.S.C. § 1332 in that there is diversity between the Parties and the amount in
controversy exceeds $75,000.00.  This Court has jurisdiction over the instant
appeal pursuant to 28 U.S.C. § 1291.  On June 22, 2023, the district court granted
the motion to dismiss filed by the defendant-appellee White & Williams, LLP
("W&W" or "Appellee") and dismissed the Amended Complaint with prejudice.
(Appx0003).  On July 21, 2023, plaintiff-appellant Crawl Space Door System, Inc.
("CSD" or "Appellant") filed a timely notice of appeal.  (Appx0001).


## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

Whether the district court improperly dismissed CSD's malpractice claim as
barred under Fed. R. Civ. P. 13(a), in particular whether the district court erred in
determining as a matter of law that CSD's malpractice claim is barred because it
was a compulsory counterclaim to the case of *Philadelphia Professional
Collections, LLC v. Crawl Space Door System, Inc.*, in the District Court for the
Eastern District of Pennsylvania, Case No. 2:21cv05476 (the "Collections Case")
(Appx0367), brought against CSD for unpaid legal fees.  Under Third Circuit
precedent, it is clear that the Collections Case does not share many of the same

1

factual issues as the Malpractice claims, the claims do not consider the same factual and legal issues, and are not offshoots of the same basic controversy between the parties.  (Appx0344-48).

## STATEMENT OF RELATED CASES AND PROCEEDINGS

This case has not been before this Court previously.  There are three completed cases related to this case; *Philadelphia Professional Collections, LLC v. Crawl Space Door System, Inc.*, in the District Court for the Eastern District of Pennsylvania, Case No. 2:21cv05476 (the "Collections Case") (Appx0367), *Smart Vent Products, Inc. v. Crawl Space Door System, Inc. d/b/a Crawl Space Door Systems, Inc.*, in the United States District Court for the District of New Jersey, Case No. 1:13cv05691 (the "New Jersey Case") (Appx0157), and *Crawl Space Door System, Inc. v. Smartvent Products, Inc. et al.*, in the United States District Court for the Eastern District of Virginia, Case No. 2:19cv320 (the "Antitrust Case").  (Appx0287).  Appellant is not aware of any other case or proceeding that is pending that is in any way related, completed, pending or about to be presented before this Court or any other court or agency, state or federal.

## STATEMENT OF THE CASE

The underlying case was filed on May 11, 2022 in the Eastern District of Virginia by CSD asserting claims against White & Williams for malpractice. (Appx0013).  An amended complaint was filed by CSD on June 9, 2022. (Appx0013).  W&W filed a motion to dismiss the case on July 19, 2022. (Appx0013).  After the motion was fully briefed, on November 22, 2022, the court denied the motion to dismiss and transferred the case to the Eastern District of Pennsylvania on the basis that the Eastern District of Virginia did not have personal jurisdiction over the defendant.  Appx0134.  Upon transfer, W&W filed a motion to dismiss for failure to state a claim.  (Appx0144).  Once the motion was fully briefed, on June 22, 2022 the district court, without oral argument, granted the motion to dismiss and dismissed CSD's case with prejudice.  (Appx0003-4).

CSD's claims against W&W are based upon actions by W&W that precluded CSD from prevailing in the Antitrust Case.  W&W was engaged to represent CSD in the New Jersey case (Appx0077-79) to defend against causes of action for unfair competition under 15 U.S.C. § 1125, unfair competition under N.J.S.A. §§ 56:4-1 and 56:4-2, common law unfair competition, negligent misrepresentation, and federal trademark infringement under 15 U.S.C. § 1114. (Appx.0157-0185).  During the pendency of the New Jersey Case, the plaintiff in the New Jersey Case, Smart Vent Products, Inc., committed continuing acts to

3

unfairly compete against CSD in the marketplace in violation of the Sherman

Antitrust Act, 15 U.S.C. § 1 *et seq*. as described in CSD's amended complaint filed

in the Antitrust Case (Appx0287-0308).

CSD approached W&W to pursue the antitrust claims against Smart Vent

Products, Inc., but W&W declined to do so and proceeded to trial in the New

Jersey Case without being retained to represent CSD to assist with the antitrust

causes of action.  Simultaneously, CSD brought the Antitrust Case in the Eastern

District of Virginia as the basis for the claims in the Antitrust Case were non-

commercial speech that is not actionable under the Lanham Act and were not at

issue in the New Jersey Case.  (Appx0023).  Despite knowing the details of the

Antitrust Case and, in particular, that the Antitrust Case was predicated on acts that

not in issue in the New Jersey Case, W&W presented to the jury in the New Jersey

Case facts and arguments that formed the basis of the antitrust claims.  (Appx0023-

24).

W&W prevailed in the New Jersey case, but in the course of doing so

engaged in the negligent act of presenting the facts underlying the antitrust case to

the jury and in doing so barred CSD from recovery in the Antitrust Case by

operation of *res judicata*.  (Appx0023-25).

Philadelphia Professional Collections, LLC brought the Collections Case

against CSD, which was also heard after removal by the District Court for the

4

Eastern District of Pennsylvania.  (Appx0367-369).  The Collections Case ended

with entry of judgment against CSD on November 22, 2022 (Appx0369), the same

day that the Eastern District of Virginia transferred the Malpractice Case to the

Eastern District of Pennsylvania.  (Appx0134).

CSD brought the underlying claim for negligent malpractice against W&W

in the Eastern District of Virginia, which as noted above was transferred to the

Eastern District of Pennsylvania.  W&W filed its motion to dismiss for failure to

state a claim (Appx0144) and the district subsequently dismissed the Malpractice

Case, erroneously holding that "these two claims are related, and so closely

intertwined that the malpractice claim was a compulsory counterclaim that should

have been asserted in the collection action."  (Appx0004).

## SUMMARY OF THE ARGUMENT

The district court erred in dismissing CSD's claims against W&W in that the

only factual issues shared between the Collections Case and the Malpractice Case

are that actions giving rise to the malpractice claims were taken by W&W but

were, even then, unrelated to the representation W&W had undertaken in the New

Jersey Case.  The factual issues in the Collection Case were directed solely at

payment of fees for the work accomplished by W&W in the New Jersey case on

issues wholly unrelated to the claims at issue in the Antitrust Case.  Further, in

order to resolve the malpractice claims, a court must determine detailed facts and law related specifically to the antitrust claims which were not and could not have been at issue in the Collection Case.  Finally, the malpractice claims are not offshoots of the same basic controversy at issue in the Collection Case.  Whether or not W&W was entitled to payment for the services rendered in its admittedly successful litigation of the New Jersey case is a controversy wholly unrelated to the loss of CSD's claims in the Antitrust Case.

## ARGUMENT

### A. Standard of Review

The district court dismissed CSD's claims under Fed. R. Civ. P. 12(b)(6). This Court exercises plenary review over a district court's grant of a Rule 12(b)(6) motion to dismiss.  *Gager v. Dell Fin. Servs.*, 727 F.3d 265, 268 (3d Cir. 2013). Accordingly, the Court reviews *de novo* the district court's determination that CSD's suit should have been brought as a compulsory counterclaim in the Collection Case.  *Xerox Corp. v. SCM Corp.*, 576 F.2d 1057, 1058 & n.1 (3d Cir. 1978).

### B. Compulsory Counterclaim Inquiry

To determine if a claim is compulsory under Fed. R. Civ. P. 13(a) is

"whether the counterclaim 'bears a logical relationship to an opposing party's claim." *Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*, 292 F.3d 384, 389 (3d Cir.2002) (*quoting Xerox Corp. v. SCM Corp.*, 576 F.2d 1057, 1059 (3d Cir.1978)). A logical relationship exists "where separate trials on each of the[ ] respective claims would involve a substantial duplication of effort and time by the parties and the courts." *Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 634 (3d Cir.1961). "The compulsory counterclaim inquiry thus requires essentially the same comparison between claims as the *res judicata* analysis." *M.R. v. Ridley School Dist.*, 744 F.3d 112, 121 (3d Cir. 2014).

### C. Under the Third Circuit's Analysis, the Claims Against White & Williams Were Dismissed in Error

#### 1. There Are Few, and Minor, Factual Similarities Between the Collection Case and the Malpractice Case

In *Xerox Corp.*, 576 F.2d at 1058, the defendant in a patent infringement case moved to dismiss the claim, arguing the plaintiffs claim was a compulsory counterclaim and needed to be asserted in the prior pending matter, in which the defendant asserted antitrust claims. The Third Circuit Court of Appeals held that the defendant failed to demonstrate that the plaintiff's patent infringement claim arose out of the same transaction or occurrence involved in the pending antitrust case. *Id.* at 1060.

7

Further, the Malpractice Case would require the analysis of facts solely at

issue in the Antitrust Case, which were not at issue in either the New Jersey Case

or the Collection Case.  The Malpractice Case does not turn on whether W&W

committed malpractice in prosecuting the matters at issue in the New Jersey case.

As noted above, the matters in the Antitrust Case are separate from and were not

properly before the court in the New Jersey Case.  In addition, the "testimony and

documents necessary to litigate both claims" are not "substantially the same." *See*

*L. Offs. of Jerris Leonard, P.C. v. Mideast Sys., Ltd.*, 111 F.R.D. 359, 360-61

(D.D.C. 1986).   They cannot be; W&W declined the representation for the

antitrust claims, the testimony and documents necessary to prove the malpractice

claim are specifically related to 1) what W&W knew about the antitrust claims

(Appx0023) that were not necessary for the Collection Case, and 2) all of the

testimony (including expert) and documents necessary to prove that CSD would

have prevailed in the Antitrust Case but for W&W's negligence are wholly

unrelated to the antitrust claims.

### 2.  The Malpractice Claim Does not Consider the Same Factual Issues

In order to consider if dismissal on the basis that the malpractice claim was a

compulsory counterclaim, the court determines whether the claims consider the

same factual and legal issues.  *Xerox Corp. v. SCM Corp.*, 576 F.2d 1057, 1059 (3d

Cir. 1978).  As noted above, the collection claim and the malpractice claim consider vastly different factual issues.  In addition, consideration of the malpractice claim requires the consideration of not just the *res judicata* effect of W&W's negligence outside of the scope of its representation, it must be analyzed under Fourth Circuit law.  And it further requires consideration of antitrust law in the Fourth Circuit.  Neither of which are or would have been properly considered by the district court in its determination of the claim against CSD for unpaid legal fees.  And the consideration of the law in the New Jersey case (premised on unfair competition and the Lanham Trademark Act) is also wholly separate from consideration of the law for antitrust violations,  *See, e.g., Xerox Corp. v. SCM Corp.*, 576 F.2d at 1059 ("the factual proof of validity and infringement is vastly different from proof of an antitrust violation"), and therefore litigation of the malpractice claim "would not substantially duplicate the time and effort spent" in the collection litigation.  *Id*.

      In sum, to consider the malpractice claim the court would have to address:

- Did W&W know of the ongoing antitrust litigation?

- Did W&W present the antitrust issues, unrelated to the issues before the court in the New Jersey litigation, to the jury?

- Did the presentation of the antitrust facts and arguments to the jury in New Jersey preclude CSD from pursuing its claims against Smart Vent in the court in Virginia – requiring an analysis of the law in the 4th Circuit.

- Testimony of witnesses, including Smart Vent (the antitrust defendant), its officers, and counsel, regarding the disposition of the antitrust case.

- Expert witness testimony regarding the duty of care, the effect of what W&W did on the antitrust case.

- An analysis of antitrust law in the 4th Circuit.

- Expert witness testimony regarding whether or not the antitrust case would have been successful but for W&W's actions.

- Detailed factual evidence regarding damages, including analysis of financial records of both CSD and Smart Vent.

- Expert witness testimony regarding CSD's claim for damages.

None of these consideration were or would have been before the district court in the Collection Case.

### 3.  The Malpractice Claims are not Offshoots of the Same Basic Controversy Between the Parties.

As noted above, the collection matter sought to recover fees owed for the successful litigation of the New Jersey Case by W&W.  The district court already determined that W&W was, in fact, entitled to the fees that it sought.  (Appx0369, Dkt. 33).  Part of those fees included, of necessity, fees for the evidence and arguments that W&W used in its successful litigation under the contract with CSD. And as noted the district court found that W&W was in fact entitled to those fees. That fact does not eliminate the damage that W&W negligently caused in doing so. We will never know if those arguments were decisive in the jury verdict obtained, and they may have been.  But the claim for malpractice, as shown, is not an offshoot of the controversy over whether or not W&W was entitled to payment for the work it performed in litigating the New Jersey Case.


## <u>CONCLUSION</u>

For the reasons stated herein, Appellant respectfully requests this Court reverse the dismissal by the trial court, and remand for further proceedings consistent with this Court's reversal.  While sharing a very minor similarity, the vast differences between the collection claim and the malpractice claim compel the

conclusion that the malpractice claim is not properly a compulsory counterclaim, and should not have been dismissed.

Respectfully submitted,

Crawl Space Door System, Inc.

/s/ Duncan G. Byers_____
Duncan G. Byers, Esq. Va. Bar ID #48146
BYERS LAW
1769 Jamestown Road, Suite 120
Williamsburg, VA  23185
Telephone: 757.317.2779
Facsimile:  757.231.3797
*dbyers@dbyerslaw.com*
*Counsel for Plaintiff/Appellant*

## COMBINED CERTIFICATIONS

I hereby certify the following:

That  this 10th day of October, 2023, I filed the above pleading with the CM/ECF electronic filing system for this Court, which will generate an electronic notice to:

Peter J. Mooney, Esq.
White and Williams, LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103-7395
mooneyp@whiteandwilliams.com
lehmanv@whiteandwilliams.com
*Counsel for Defendant/Appellee*

That the undersigned is a member in good standing of the Bar of this Court

That this brief complies with the type-volume limitation of Fed. R. App. P.

32(a)(7)(B) in that it contains 2,334 words.

That the text of this electronic copy is identical to the paper copies being

submitted to the Court.

That virus detection has been run via Bitdefendant Antivirus Plus and that

no virus was detected.

October 10, 2023

> /s/ Duncan G. Byers
> Duncan G. Byers, Esq. Va. Bar ID #48146
> BYERS LAW
> 1769 Jamestown Road, Suite 120
> Williamsburg, VA  23185
> Telephone: 757.317.2779
> Facsimile:  757.231.3797
> *dbyers@dbyerslaw.com*
> *Counsel for Plaintiff/Appellant*